

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2003

# Cook v. Wikler

Precedential or Non-Precedential: Precedential

Docket 02-1340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Cook v. Wikler" (2003). *2003 Decisions.* Paper 770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed February 24, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1340

———————

DEBORAH COOK,

v.

GERALD WIKLER; JOHN PALKO,

JOHN PALKO,
          Defendant/Third Party
          Plaintiff,

v.

TONKINSON, P.O., Badge No. 708,
          Third Party Defendant

POLICE OFFICER TONKINSON,
          Appellant.

———————

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-05387)
District Judge: J. Curtis Joyner

———————

Argued: December 3, 2002

Before: ROTH, SMITH and CUDAHY,*
*Circuit Judges.*

(Filed February 24, 2003)

———————————————————————————

* Hon. Richard D. Cudahy, United States Court of Appeals for the
Seventh Circuit, sitting by designation.

CITY OF PHILADELPHIA LAW DEPT.
Nelson A. Diaz, City Solicitor
Elise M. Bruhl (argued)
Assistant City Solicitor, Appeals
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595

*Counsel for Appellant
Police Officer Tonkinson*

Alan L. Yatvin (argued)
Popper & Yatvin
230 South Broad Street, Suite 503
Philadelphia, PA 19102

*Counsel for Appellee
John Palko*

Gordon Gelfond
Margolis & Edelstein
6th & Walnut Streets
The Curtis Center, 4th Floor
Philadelphia, PA 19106

*Counsel for Gerald Wikler*

William E. Averona
Suite 1204
Two Penn Center Plaza
Philadelphia, PA 19102

*Counsel for Deborah Cook*

## OPINION OF THE COURT

SMITH, *Circuit Judge*:

Appellant in this case is a City of Philadelphia police officer who seeks to have this Court reverse an Order of the District Court for the Eastern District of Pennsylvania remanding this case to the state court in which the complaint was originally filed. The appellant, Police Officer Tonkinson, is a third-party defendant brought into this action through a "Joinder Complaint" filed in state court by one of the original defendants below, John Palko. Because

the District Court interpreted the removal statutes, 28 U.S.C. § 1441, *et seq.,* to prohibit third-party defendants like Police Officer Tonkinson from removing cases to federal court, the District Court concluded that the removal "was improper under § 1441," and remanded the case to state court. Because we lack jurisdiction to hear an appeal of a remand order entered "on the basis of any defect," 28 U.S.C. § 1447(c) (Supp. 2002), we will dismiss the appeal.

## I.

The original plaintiff in this case, Deborah Cook, commenced this action on September 20, 2000, in the Court of Common Pleas of Philadelphia County, Pennsylvania. Ms. Cook alleges that John Palko, the manager of the apartment building in which she resided, subjected her to various forms of harassment in September of 1999, and that Gerald Wikler, the owner of the building, was negligent in his supervision of Palko. In response to Ms. Cook's complaint against him, Mr. Palko counter-claimed against Ms. Cook and joined Police Officer Tonkinson, the appellant in this matter, as a third-party defendant to his counter-claim.

According to appellee Palko's state "joinder complaint,"[1] around 7:00 P.M. on the evening of September 28, 1999, Palko answered a knock on his apartment door to find several police officers and Ms. Cook standing in the hallway. Ms. Cook had evidently called the police to complain about loud music she alleged was coming from Mr. Palko's apartment, which was located below hers. After investigating the complaint and interviewing Palko, the police departed shortly thereafter without taking any action. Within hours, however, Police Officer Tonkinson appeared and pounded on Palko's apartment door. Palko alleges that, without so much as a single question, Police Officer Tonkinson barged into his apartment, then seized and assaulted him. Palko alleges that Police Officer Tonkinson

---

1. Pennsylvania's Rules of Civil Procedure permit a defendant to join as an additional defendant any person "liable to the joining party on any cause of action arising out of the transaction or occurrence . . . upon which the plaintiff's cause of action is based." Pa. R. Civ. P. 2252(a)(4).

conspired with Cook to swear out a "bogus" criminal complaint against Palko and have him arrested. These allegations form the basis of Palko's counter-claim against Cook and his joinder of Police Officer Tonkinson, which included counts of assault and battery, false arrest and imprisonment, malicious prosecution and abuse of process, and one federal civil rights count pursuant to 42 U.S.C. § 1983.

On October 24, 2001, with Ms. Cook's consent and in response to the § 1983 claim, Police Officer Tonkinson, a third-party defendant, removed the case to the District Court. He alleged that the federal courts properly had subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367. Palko responded five days later by filing a motion to remand, asserting that a joinder defendant's removal of a case is improper under the removal statutes.

Before the District Court, Police Officer Tonkinson asserted that removal was proper and authorized by 28 U.S.C. § 1441. Furthermore, Police Officer Tonkinson asserted that Palko waived his right to remand, notwithstanding the fact that Palko had already filed a motion for remand, by later seeking a Rule 55 default against Ms. Cook on his cross-claim.[2] The District Court did not agree. Concluding that removal "by third-party defendant Tonkinson was improper under § 1441," the District Court remanded the case to the Court of Common Pleas. This appeal followed.

## II.

After the docketing of this appeal, appellee Palko filed a motion to dismiss the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d). That section provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise

---

2. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

. . ." 28 U.S.C. § 1447(d) (1994).[3] As the Supreme Court has explained, § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) *whether erroneous or not* and whether review is sought by appeal or by extraordinary writ." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976) (emphasis added). However, this prohibition is limited by the requirement that " '§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).' " *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)).

When the Supreme Court decided *Quackenbush* and *Things Remembered*, "[a]s long as a district court's remand [was] based on a timely raised defect *in removal procedure* or on lack of subject-matter jurisdiction — *the grounds for remand recognized by § 1447(c)* — a court of appeals lack[ed] jurisdiction to entertain an appeal of the remand order under § 1447(d)." *See Things Remembered*, 516 U.S. at 127 (emphasis added). However, shortly after the Supreme Court decided *Quackenbush* on June 6, 1996, Congress amended 28 U.S.C. § 1447(c) in a way which is critical to the scope of our appellate jurisdiction. *See* Pub. L. No. 104-219, 110 Stat. 3022 (enacted Oct. 1, 1996). We now give effect to that statutory change.

Prior to Congress' amendment of § 1447(c), that provision read: "A motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). . . ." 28 U.S.C. § 1447(c) (1994) (amended 1996) (emphasis added). Congress amended that section "by striking 'any defect in removal procedure' and inserting 'any

---

3. Section 1447 does provide that "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). However, neither before the District Court nor in its briefs to this Court has appellant asserted that its removal either was or could have been premised on 28 U.S.C. § 1443. We therefore limit our analysis to whether we have jurisdiction to review the District Court's remand of a removal based on § 1441.

defect other than lack of subject matter jurisdiction'." S. 533, 104th Cong. § 1 (1996) (enacted). Thus, § 1447(c) now reads, in critical part:

> A motion to remand the case on the basis of *any defect* other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (Supp. 2002) (emphasis added).

The 1996 amendment plainly effects a broadening of the scope of § 1447(c) — expanding its application to not just *procedural* defects, but *any* defects — and making the plain text of paragraph (c) consistent with the legislative history Congress drafted on § 1447 in 1988. *See* H. R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033. The tension that previously existed between the plain text of § 1447(c) and its legislative history led to significant judicial conflict over the reading of the statute. *Compare Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996) (giving a "very broad reading" to § 1447(c) and applying it to "all cases where the remand motion is premised on an asserted defect in the removal"), *with id.* at 821 (Jacobs, J., dissenting) (§ 1447(c) applies only to a "procedural defect in the defendant's removal of the case"), *and Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1213 (3d Cir. 1991) (discussing the legislative history, but "the statute is clear on its face . . . [§ 1447(c)] applies *only* to motion for remand *on the basis of any defect in removal procedure.*") (emphasis original). However, we believe the plain language of the amended statute now applies "broadly to include all removals that are not authorized by law." *See Pierpoint*, 94 F.3d at 817.[4] The amendment has profound implications for

4. The Second Circuit decided *Pierpoint* on September 5, 1996, less than one month before the Congressional amendment discussed herein. *See* Pub. L. No. 104-219, 110 Stat. 3022 (enacted Oct. 1, 1996). Nonetheless, we find its reasoning persuasive because the language of the amended statute conformed with the Second Circuit's expansive reading of the original language of § 1447(c), based on the 1988 legislative history.

our jurisdiction to review remand orders issued by district courts. Reading § 1447(d) "*in pari materia* with § 1447(c)," as the Supreme Court says we must, *see Quackenbush*, 517 U.S. at 711-12, the statutory language now provides that a district court remand order entered "on the basis of *any* defect" is not reviewable on appeal. *See* 28 U.S.C. § 1447(c), (d) (1994 & Supp. 2002) (emphasis added). So long as a district court remands a case to state court based on a conclusion that the removal was "not authorized by law," *Pierpoint*, 94 F.3d at 817, section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) *whether erroneous or not* and whether review is sought by appeal or by extraordinary writ." *Thermtron*, 423 U.S. at 343 (emphasis added); *see also Feidt v. Owens Corning*, 153 F.3d 124, 126 (3d Cir. 1998).[5]

---

5. We recognize that this statutory change renders obsolete a certain amount of discussion in some of our prior decisions. *See, e.g.*, *Allied Signal Recovery Trust v. Allied Signal Inc.*, 298 F.3d 263, 269 (3d Cir. 2002) (§ 1447(c) applies to a "defect in the removal procedure"); *In re FMC Corp. Packaging Sys.*, 208 F.3d 445, 448 (3d Cir. 2000) (quoting and applying the pre-amendment language of § 1447(c)); *Feidt v. Owens Corning Fiberglass Corp.*, 153 F.3d 124, 126 (3d Cir. 1998) (§ 1447(c) "provides for remand on the basis of either a procedural defect or lack of jurisdiction"). The amendment has certainly abrogated our interpretation of § 1447(c) in *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1213 (3d Cir. 1991). Nonetheless, our review of many of the cases interpreting the prior language of § 1447(c), including *Foster*, indicates that most of their *holdings* appear unaffected by this statutory change because § 1447(d) still only precludes appellate review of remand orders based on a "defect." Thus, the change does not appear to disturb the large body of case law holding that district courts cannot remand on a basis for which there is no "authority in . . . the controlling statute," *see Thermtron*, 423 U.S. at 345, and we continue to have jurisdiction to review remand orders in those instances. *See, e.g., id.* at 351 (reviewing and reversing a remand based on a district court's overcrowded docket); *Quackenbush*, 517 U.S. at 714-15 (reviewing a remand based on abstention); *Foster*, 933 F.2d at 1211 (reviewing a remand premised on a forum selection clause); *Korea Exchange Bank v. Trackwise Sales*, 66 F.3d 46, 51 (3d Cir. 1995) (reviewing a *sua sponte* remand because it was out-of-time); *In re FMC*, 208 F.3d at 448 (reviewing a *sua sponte* remand as it was not based on a motion and, thus, not authorized by statute).

### III.

Appellee Palko contends that dismissal of this appeal is proper because 28 U.S.C. § 1447(d) prohibits us from reviewing the District Court's Order. Palko asserts that the District Court's ruling that Tonkinson was not a "defendant" eligible to invoke the removal statute was based both on a lack of subject-matter jurisdiction and a defect in removal. Although we believe that the District Court's remand was not based on a purported lack of jurisdiction, we agree that the Order was premised on a perceived defect in removal.

Our reading of the District Court's remand Order indicates that the District Court was not basing its remand on a perceived lack of subject-matter jurisdiction, nor could that have been the basis. "[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995). Palko's federal civil rights claim, based on 42 U.S.C. § 1983, could clearly have been filed in a federal district court pursuant to 28 U.S.C. § 1331. Palko's other claims appear to be part of the same case and controversy. *See* 28 U.S.C. § 1367(a). Therefore, we do not believe that the District Court's remand was based on a lack of federal subject-matter jurisdiction.

Nonetheless, we read the District Court's remand order to have been "premised on an asserted defect in removal" that was timely raised by Palko's motion to remand. *See Pierpoint*, 94 F.3d at 818. The District Court's express reason for remanding to state court was that "removal of this action from [state court] by third-party defendant Tonkinson was improper under § 1441." While the District Court, in issuing its Order, did not explicitly use the word "defect" found in § 1447(c), we read the Order to be based on the District Court's belief that Tonkinson's removal to federal district court was defective. The District Court asserted:

> [I]t is the majority view in this Circuit and the view of the leading commentators that the removal statutes are to be strictly construed with any doubts as to the

> propriety of removal being resolved in favor of remand; hence, third party defendants may not remove a case.[6]

In short, we read the District Court's remand Order to be based on its belief that the removal was "not authorized by law." *Pierpoint*, 94 F.3d at 817 (interpreting 28 U.S.C. § 1447(c)).

Notwithstanding the District Court's stated basis for remanding this case, appellant Tonkinson alleges that the remand Order is subject to appellate review because he had alleged that appellee Palko "consented" to litigating in federal court. Tonkinson removed this case to federal court on October 24, 2001. On October 29, 2001, Palko then filed his motion to remand the case to state court. Thereafter, when the original plaintiff, Deborah Cook, failed to answer Palko's counter-claims, Palko moved for a Rule 55 default to be entered against Ms. Cook on November 13, 2001.

Appellant Tonkinson asserts that by subsequently seeking a Rule 55 default and then opposing Ms. Cook's application for relief from the default entered against her on November 14, 2001, Palko "consented to federal court jurisdiction." According to appellant, this "consent"

---

6. We caution that other courts and scholars have disputed this interpretation of 28 U.S.C. § 1441. *See, e.g.*, *Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980) (third-party defendant of "separate and independent" claim may remove). This Circuit has never addressed the question, and as we do not have jurisdiction to review this Order, we also have no opportunity to review the merits of the District Court's interpretation. Therefore, our decision should not be read as endorsing the District Court's reading of 28 U.S.C. § 1441, particularly as the District Court conducted no analysis of the text and context of the statute, relying almost exclusively on the supposed "presumption" in favor of remand, a questionable doctrine whose "basis has never been very clearly explained." *See Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984) (Posner, J.) (although the third-party defendant at issue could not remove, the court did not "hold that section 1441(c) can never be [so] invoked"). We note that if § 1441(a) is "read *in pari materia* with" § 1441(c), *cf. Quackenbush*, 517 U.S. at 711, paragraph (a) speaks specifically of removal "by the defendant or defendants," while paragraph (c) more broadly applies "*[w]henever* a separate and independent claim or cause of action . . . *is joined* . . .*" 28 U.S.C. § 1441(a), (c) (emphasis added). *Cf.* Fed. R. Civ. P. 18 (Joinder of Claims).

constituted a "waiver of any right to remand," and the District Court was therefore "unauthorized" to order a remand. Tonkinson asserts that the *Thermtron*, *Quackenbush*, and — here in the Third Circuit — *In re FMC* line of cases thereby provides us with jurisdiction to review such an "unauthorized" remand.

In response, Palko argues that he in no way acquiesced to litigating in federal court, but promptly (within five days of the removal) filed his motion to remand. Of course, after filing his motion, Palko could not simply assume that the District Court would grant his motion. Accordingly, Palko counters that it would be "ludicrous" to suggest that, while that motion was pending, he should be made to "sit idly by, allowing himself to be prejudiced" and permit his opponent to "disregard the rules of the federal court." Furthermore, Palko asserts that even if he had acquiesced to federal jurisdiction, that was not a basis for remand that is subject to appeal, but a rejected argument for not remanding.

Even if we assume that Palko did "consent" to litigating in federal court after the filing of his motion to remand, we fail to see how that consent would make the District Court's remand Order "unauthorized," and thus provide us with jurisdiction to hear this appeal under the *Thermtron* exception to § 1447(d). *See Thermtron*, 423 U.S. at 345 (reviewing remand order where the "District Court exceeded its authority in remanding on grounds not permitted by the controlling statute"). Once a party timely files a motion to remand, § 1447(c) authorizes a district court to enter a remand order either "on the basis of any defect" or for a "lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (Supp. 2002). The decision to enter a remand order on those bases is within the discretion of the district court, and, whether erroneous or not, is not subject to appeal. *See id.* § 1447(d); *Quackenbush*, 517 U.S. at 711-12.

We are unpersuaded by the cases appellant Tonkinson cites. Those cases address whether district courts properly exercised their discretion in *denying* remand orders to which the parties seeking remand seemingly otherwise *would have been entitled.*[7] *See Johnson v. Odeco Oil & Gas*

_____

7. Unlike a district court's order to remand based on a "defect" or lack of subject-matter jurisdiction, no statute generally restricts our ability to review decisions *not* to remand. *See* 28 U.S.C. § 1447.

*Co.*, 864 F.2d 40, 42 (5th Cir. 1989) (affirming the district court's refusal to remand, though the case was improperly removed in the first instance, because the plaintiff participated in discovery and other pretrial litigation matters in federal court); *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (concluding that the district court properly declined to remand, though removal had been untimely, because the plaintiff had entered into stipulations, engaged in discovery, and filed an amended complaint in federal court) (reh'g and reh'g *en banc* denied). These cases appear premised on avoiding unfairness or waste based on a judgment that the plaintiffs seeking remand had "waived a right to object to procedural irregularities" by unduly delaying their motions to remand. *Lanier*, 843 F.2d at 905. We do not read these cases to suggest that the equitable doctrine there applied — essentially a specific form of laches recognized by some Circuits to deny remand where a plaintiff has failed to diligently pursue its remand rights — completely divested those district courts of their authority to remand in those situations. Laches is, of course, an affirmative defense to a claim, and the party asserting it bears the burden of proof. *See E.E.O.C. v. Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984). The defense does not negate the claim itself, but estops the granting of the relief sought after a consideration of the equitable merits of the claim. *See University of Pittsburgh v. Champion Products Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982).

In *Johnson* and *Lanier*, by acknowledging that the question of whether to deem the right to remand waived and *not* remand was within the district courts' "broad discretion," *Lanier*, 843 F.2d at 905; *see also Johnson*, 864 F.2d at 42 ("within the district court's discretion to determine"), the Fifth and Sixth Circuits implicitly recognized that those district courts continued to possess the statutory *authority* to remand.[8] It was the two District

---

8. Generally speaking, we review questions of statutory authority and federal jurisdiction de novo, while questions regarding a district court's judgment in the consideration of facts will be reviewed for abuse of discretion. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 363 (3d Cir. 2001) (reviewing whether a district court injunction was permissible under the Anti-Injunction Act).

Court decisions not to *use* their authority — authority that all appeared to acknowledge existed — and instead deny the requested relief on waiver grounds, that was under review. The instant case does not permit us to reach the issue of the District Court's discretion.

The *Thermtron* exception to the jurisdictional bar established by § 1447(d) is premised on a "District Court exceed[ing] its authority in remanding on grounds *not permitted by the controlling statute.*" *Thermtron*, 423 U.S. at 345 (emphasis added); *see also Quackenbush*, 517 U.S. at 712 ("abstention-based remand order does not fall into" § 1447(c)); *In re FMC*, 208 F.3d at 448 ("remand orders issued outside the authority granted . . . under § 1447(c)" are reviewable). Thus, appellant's argument boils down to a suggestion that a litigant's actions, *after* the filing of a timely motion to remand a case, can abrogate a district court's Congressionally granted authority to remand that case "on the basis of any defect" it finds. 28 U.S.C. § 1447(c). Appellant cites no cases supporting that proposition. Furthermore, the implication of such a holding would appear to be that all remand orders — even those clearly and correctly grounded on the "not reviewable" bases for remand that Congress provides in § 1447(c) — could be delayed and subjected to appellate review upon a litigant's *mere assertion* that waiver is somehow justified. We therefore reject the appellant's suggestion that the actions of a litigant, through an equitable device derived from the common law, can make "unauthorized" — as that term is relevant for determining whether the *Thermtron* exception applies, *see* 423 U.S. at 345 — a basis for remand which Congress has expressly, by statute, provided. *See* 28 U.S.C. § 1447(c).[9] We emphasize again

---

9. In practice, it appears that the only way a litigant could be said to have "consented" to a defective removal in a way that would deprive a district court of any "authority" to remand, as that term is used in *Thermtron*, would be by *not* filing a "motion to remand the case . . . within 30 days after the filing of the notice of removal," as the statute requires. *See* 28 U.S.C. § 1447(c). This Circuit has clearly held that in *that* circumstance a district court's order to remand would be statutorily unauthorized and, therefore, appealable. *See In re FMC Corp.*, 208 F.3d at 451 (remand order without proper motion within the 30 days required by statute is unauthorized).

that Congressional policy favoring remands on those grounds is so clear that those orders are "not reviewable on appeal or otherwise." *Id.* § 1447(d).

Because Palko's alleged "consent" did nothing to abrogate the District Court's legal *authority* to remand under "the controlling statute," the *Thermtron* exception is inapplicable. *Thermtron*, 423 U.S. at 345. Palko's purported "consent" can, at best, only cause us to question the District Court's use of discretion in the exercise of its remand authority if we consider the merits of the Order. *Cf. Champion Products*, 686 F.2d at 1044. Since we do not reach those merits, we reject appellant's argument. Section 1447(d) no more grants us jurisdiction to review that rejected argument for not remanding than it grants us jurisdiction to review any other aspect of the District Court's decision.

## IV.

We are limited by 28 U.S.C. § 1447(d) in our ability to review a district court's order, entered in response to a timely motion of a party, to remand to state court a case removed to federal court. While the phrase "procedural defect" in 28 U.S.C. § 1447(c) (1994) formerly led to disagreement over the intended scope of the § 1447(d) bar on the review of remand orders, Congress has clarified the matter by amending the removal statutes and eliminating the troubling language. A district court remand ordered "on the basis of any defect" is now beyond our appellate jurisdiction. *See* 28 U.S.C. § 1447(c), (d) (1994 & Supp. 2002).

We read the District Court's Order to have remanded this case to state court based upon the District Court's belief that the removal was "not authorized by law." *See Pierpoint*, 94 F.3d at 817. We conclude that such a "defect" would fall within the "basis" of § 1447(c) for which Congress has authorized remands to state court. *See* 28 U.S.C. § 1447(c) ("*any* defect") (emphasis added). Palko's purported "consent" to litigating in federal court, after the timely filing of his motion to remand, did nothing to remedy that "defect." Therefore, that "consent" did nothing to abrogate

"the authority . . . permitted [to the District Court] by the controlling statute" to remand this case. *See Thermtron*, 423 U.S. at 345. "[W]hether erroneous or not," *id.* at 343, the reasoning and discretion of a district court in issuing such a remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Lacking jurisdiction to review the merits of this appeal, we dismiss the appeal.

A True Copy:
     Teste:

               *Clerk of the United States Court of Appeals*
                     *for the Third Circuit*