

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# McBride v. West Orange

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McBride v. West Orange" (2005). *2005 Decisions.* Paper 1406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos.  04-2736 and 04-2737
_____

MARJONI MCBRIDE

v.

TOWNSHIP OF WEST ORANGE; TOWNSHIP OF WEST ORANGE
POLICE DEPARTMENT; ANDREW MCCRONE, Police Officer;
BOYESKNE; BEHAR; W. CONNOLLY; J. CONNOLLY, Police Officer;
JOSEPH RACANTIELLO, Sergeant; FEDER; MURPHY; DEMARS; NEVES;
KOEHLER; CONDON; GROVES; DRYLICA, (ID Number 57); ABBOTT;
DOES I through X, Inclusive

> Township of West Orange, Township of West Orange
> Police Department, Andre McCrone, Boyeskne, Behar,
> W. Connolly, J. Connolly, Joseph Racantiello, Feder,
> Murphy, Demars, Neves, Koehler, Condon, Groves,
> Drylica and Abbott, Appellants at No. 04-2736

_____

DANE WEEKS; JERMOLT MORGAN; JAMAIN MORGAN; YOLANDA POLHILL;
XAVIER JOHNSON; LATOYA HUTCHINS; STEVEN SAUNDERS, JR.

v.

TOWNSHIP OF WEST ORANGE; WEST ORANGE POLICE DEPARTMENT;
ANDREW MCCRONE; W. CONNOLLY; J. CONNOLLY; KOEHLER; CONDON;
BOYESKNE; GROVES; BEHAR; MURPHY; DEMARS; NEVES; JOHN FEDER;
JOSEPH RACANIELLO; DRYLIG, West Orange Police Officers;
JOHN DOES, 1 THROUGH 20, (fictitious names, true identities
presently unknown, of West Orange Police Officers or other

employees, agents and/or representatives of the West Orange
Police Department and/or the Township of West Orange) all in
their official capacities

Township of West Orange, Township of West Orange
Police Department, Andre McCrone, W. Connolly, J.
Connolly, Koehler, Condon, Boyeskne, Groves, Behar,
Murphy, Demars, Neves, John Feder, Joseph
Racanieello, Drylig, Appellants at No. 04-2737

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Nos. 03-cv-05649 and 03-cv-05650)
District Judge:  The Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before: NYGAARD, McKEE, and RENDELL, Circuit Judges.

(Filed:   March 30, 2005)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellants Township of West Orange, West Orange Police Department, and several individual West Orange Police Officers ("individual Defendants"), appeal from an order of the District Court remanding Appellees consolidated federal civil rights and state law tort actions to the Superior Court of New Jersey. Because we are without jurisdiction to review the decision to remand, we will dismiss the appeal.

I.

On July 14, 2003, Plaintiffs Marjoni McBride and Dane Weeks served complaints on the Township of West Orange. The complaints, filed in New Jersey Superior Court, alleged violations of their federal civil rights and state tort law. That same day, process server Charles Nicastro attempted to serve the individual Defendants with summonses and the complaints at the West Orange Police Department. Nicastro did not effect personal service upon the individual Defendants. Instead, he left the papers with Lieutenant Robert Williams. The parties dispute whether Lieutenant Williams represented to Nicastro that he had the authority to accept service of process on behalf of the individual Defendants, but it appears that he did not actually have that authority.

Several of the individual Defendants filed a notice of removal to federal court on November 26, 2003, nearly four months after the complaints were delivered to the Police Department. The Township never filed a notice of removal of its own, but it did assent to the removal by the individual Defendants. On December 24, 2003, the Weeks Plaintiffs filed a "Notice of Motion to Remand Complaints" with the District Court. Although the Weeks and McBride cases had not yet been officially consolidated (Plaintiffs and Defendants had drafted, but not yet filed, a consent order for consolidation), (Supp. App. at A3–5), and although the

3

McBride docket sheet did not reflect that this motion had been filed, the motion appears to have been filed on behalf of all Plaintiffs. It states specifically, "plaintiffs will move . . . for an order remanding the above entitled action, and the action entitled Marjoni McBride v. Township of West Orange et al., bearing Civil Action No.: 03:5649, from the United States District Court for the District of New Jersey to the Superior Court of New Jersey." Similarly, on the day the motion was filed, counsel for Weeks sent a letter to Defendants' counsel explaining that "the motion is filed jointly on behalf of my clients in the above referenced action, and Marjoni McBride in the matter entitled Marjoni McBride v. Township of West Orange et al. . . ." (Supp. App. at A1).

On March 25, 2004, the Magistrate Judge found the individual Defendants' notice of removal to be untimely and recommended that the District Court grant the motion to remand for that reason.[1] The District Court adopted the Magistrate's Report and Recommendation on May 28, 2004 and this appeal followed.

## II.

A District Court's order granting a motion to remand is a final and appealable order under 28 U.S.C. § 1291. *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 449 (3d Cir. 2000). Generally we review questions of federal jurisdiction and a district court's statutory authority to grant a motion to remand *de novo*. *Cook v. Wikler*, 320 F.3d 431, 438 n.8 (3d Cir.

---

1. The Magistrate Judge treated the motion as a joint motion because counsel for McBride represented that his client joined in the motion, which was actually filed by counsel for Weeks.

4

2003).  As discussed below, however, we are presently without jurisdiction to review the District

Court's order.  *See* 28 U.S.C. § 1447(d).

III.

A defendant who wishes to remove a case to federal court must file a notice of

removal within thirty days after receiving a copy of the complaint.  28 U.S.C. § 1446(b).  The

District Court granted the motion to remand on the basis that the individual Defendants' motion

to remove—filed four months after Nicastro delivered the complaint to the Police

Department—was untimely.  Defendants argue that the motion to remand was not untimely.

They contend that service on the individual Defendants was never properly effected under New

Jersey law, and therefore the thirty-day period in which to file the notice of removal had not

expired by the date the notice to remove was filed.  Unfortunately for Defendants, we are without

jurisdiction to review the merits of their claim concerning the validity of the service of process.

By statute, "[a]n order remanding a case to the State court from which it was

removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  Although section

1447(d) appears to be a *per se* bar on appellate jurisdiction, its scope has been limited by the

Supreme Court.  In fact, "only remands based on grounds specified in § 1447(c) are immune

from review under § 1447(d)."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)

(quotation omitted).  Section 1447(c) provides: "A motion to remand the case on the basis of any

defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

of the notice of removal. . . ."  A remand granted on any other basis is subject to appellate

review.  *In re FMC*, 208 F.3d at 448.  If, however, a district court remands for one of the reasons

set forth in section 1447(c)—a timely raised defect in removal procedure or the lack of subject

5

matter jurisdiction—we have no jurisdiction to entertain an appeal challenging the propriety of the remand order. *Cook*, 320 F.3d at 434. Whether the ultimate decision to remand was "erroneous or not" is beyond the scope of our review. *Thermtron Prods., Inc. v. Hermansdorfer*, 432 U.S. 336, 343 (1976) (emphasis added).[2]

The District Court remanded on one of the grounds specified in 1447(c), and we are without jurisdiction. The Weeks Plaintiffs filed a timely motion to remand, claiming that the individual Defendants' motion to remove was not timely filed. It is well-settled that the failure to file a timely notice of removal is a defect in removal procedure. *Ariel Land Owners, Inc. v Dring*, 351 F.3d 611, 614 (3d Cir. 2003). Thus, pursuant to section 1447(d), we are without jurisdiction to review the merits of the District Court's decision.

Defendants argue that we have jurisdiction because the District Court's remand was not grounded in section 1447(c). According to Defendants, because the individual Defendants were not properly served under New Jersey law the removal notice was actually timely, and thus section 1447(c) did not grant the District Court with the authority to remand. This argument is nothing more than a challenge to the merits of the District Court's decision to remand, and regardless of how Defendants style their challenge, we are without jurisdiction to consider it. As long as a motion to remand based on a defect in removal procedure—in this case the failure to file a timely notice of removal—has been timely filed, section 1447(d) precludes our review of a district court's decision to order a remand. *Cook*, 320 F.3d at 434. Whether a

---

2.      Although section 1447(c) was slightly different at the time *Thermtron Products* was decided, we have applied the holding of that case equally to the current version of section 1447(c). *See Cook*, 320 F.3d at 434.

6

district court was correct in granting a remand is beyond our review. *See Thermtron Prods., Inc.*, 432 U.S. at 343. Here, the District Court granted a remand based on a timely filed motion claiming a defect in removal procedure. We are without jurisdiction despite Defendants' protestations to the contrary. To hold otherwise would permit review of nearly any remand order whenever a defendant could conflate the merits of the district court's decision with its statutory authority to render that decision.

Defendants offer a second reason why we may review the remand order. They argue that even if the Weeks Plaintiffs filed a timely motion to remand, McBride did not. Thus, they argue, at least with respect to McBride, the District Court did not grant the remand pursuant to section 1447(c). Again, we are unpersuaded by Defendants' argument. The record reflects that the Weeks motion to remand, which was timely filed, was filed on behalf of McBride as well. The motion is docketed as "MOTION to Remand complaints 03-5650 and 03-5649 to Superior Court of Essex County. . . ." (App. at A47). Complaint 03-5649 is McBride's action against Defendants. Moreover, the motion itself states that it was filed on behalf of both the Weeks Plaintiffs and McBride. Counsel for Weeks explained this fact to Defendants' counsel by letter at the time of the motion. And, finally, the Magistrate Judge in his Report and Recommendation explicitly noted that the motion to remand would be treated as a joint motion. Defendants' assertion that McBride never filed a timely motion to remand is therefore disingenuous, especially given the fact that counsel for Defendants *himself* drafted a consent order to consolidate the case *before* the timely Weeks motion was filed. (Supp. App. at A3–5). Thus, we disagree with Defendants that McBride was not a party to the Weeks motion. We hold

that the motion to remand filed by Weeks was a timely joint motion, granted on the basis of a defect in removal procedure.

IV.

The District Court had the statutory authority to grant the motion to remand under 28 U.S.C. § 1447(c).  Accordingly, pursuant to 28 U.S.C. § 1447(d), we have no jurisdiction to review its decision.  The appeal should be dismissed.

_____