

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2007

# Cowatch v. Sym-Tech Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2582

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Cowatch v. Sym-Tech Inc" (2007). *2007 Decisions.* Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  07-2582
_____

GEORGE COWATCH, an Adult Individual;
IMPACT MARKETING, INC., a Delaware Corporation


v.


SYM-TECH INC, a Canadian Corporation,

Appellant

_____

On Appeal from United States District Court for the
Western District of Pennsylvania
District Court No.:  06-cv-1500
District Judge: Honorable Joy Flowers Conti


_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2007

Before: SLOVITER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed:  November 6, 2007)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Appellant Sym-Tech, Inc. (Sym-Tech) appeals the District Court's order partially remanding to state court a complaint filed by Appellees George Cowatch (Cowatch) and Impact Marketing, Inc. (Impact). Sym-Tech argues that the District Court erred by: (1) finding that Sym-Tech unambiguously waived its right to federal jurisdiction in a forum selection clause; and (2) refusing to consider extrinsic evidence proffered by Sym-Tech to show that it did not intend to waive its right to federal jurisdiction.

## I.

Our review of the District Court's construction of the forum selection clause is plenary. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216 (3d Cir. 1991). We determine contractual waiver of federal jurisdiction using the same benchmarks of construction as we employ in resolving all preliminary contractual questions. *Id.* at 1217 n.15. We ascertain the intent of the parties to a written agreement from the writing itself, and where the words contained in the agreement are clear and unambiguous, we enforce them. *Martin v. Monumental Ins. Co.*, 240 F.3d 223, 232-33 (3d Cir. 2001). We will consider extrinsic evidence only where the language of the agreement itself is ambiguous. *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.,* 619 F.2d 1010 n.9 (3d Cir. 1980).

## II.

Because we write for the parties, we repeat only the facts essential to our decision. Sym-Tech, a Canadian corporation, alleges that it entered into an exclusive distributorship agreement with Cowatch and Impact, both citizens of Pennsylvania, under which Sym-Tech would be the sole Canadian distributor of a corrosion control device

2

patented by Cowatch. Cowatch and Impact deny that any exclusive distributorship agreement was ever signed, but it is undisputed that the parties entered into non-disclosure/non-compete agreement, which stated:

> THE TERMS AND CONDITIONS OF THIS AGREEMENT
> WILL BE INTERPRETED ACCORDING TO THE LAWS
> OF THE COMMONWEALTH OF PENNSYLVANIA AND
> ANY DISPUTES FROM THIS AGREEMENT WILL BE
> SETTLED IN AN APPROPRIATE COURT OF
> COMPETENT JURISDICTION IN THE
> COMMONWEALTH OF PENNSYLVANIA.
>
> SYM-TECH HEREBY ACKNOWLEDGES AND CONSENTS TO
> THE JURISDICTION OF SAID COURT OR COURTS AND
> HEREBY WAIVES ANY RIGHTS REGARDING DIVERSITY OF
> JURISDICTION PERTAINING TO THIS MATTER.

After Cowatch and Impact entered into distribution agreements with other companies in Canada, Sym-Tech brought suit in Canada for breach of the alleged exclusive distributorship agreement. Cowatch and Sym-Tech responded with a patent infringement action in Canada, and also filed a complaint against Sym-Tech in the Court of Common Pleas of Clarion County, Pennsylvania, asserting claims for tortious interference with contract and requesting injunctive relief and a declaratory judgment.

Sym-Tech removed the case to the District Court on the basis of diversity jurisdiction, and filed counterclaims for breach of contract, breach of fiduciary duty, tortious interference, negligent and fraudulent misrepresentation, and unjust enrichment. Cowatch and Impact filed a motion to remand to the Court of Common Pleas, relying upon the forum selection clause in the Non-Disclosure/Non-Compete Agreement. The

District Court granted the motion to remand in part, finding that the contractual waiver provision was enforceable but was limited only to those claims arising out of the non-disclosure/non-compete agreement. Accordingly, it remanded Count I (seeking injunctive relief) in its entirety and Count III (tortious interference) to the extent it arose out of the non-disclosure/non-compete agreement, and retained the balance of the case.

## III.

As a preliminary matter, we must address Appellees' contention that 28 U.S.C. § 1447(d), which provides that remand orders of a district court are "not reviewable on appeal or otherwise," deprives this Court of jurisdiction. In *Foster*, we found that a remand order pursuant to a valid forum selection clause was not immune from review under § 1447(d). In so doing, we relied upon well-established Supreme Court precedent holding that § 1447(d) applies only to remand orders issued pursuant to § 1447(c). *Foster*, 933 F.2d at 1210 (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976)). Because § 1447(c) applied only to remand orders "on the basis of any defect in remand procedure," and a forum selection clause was not a procedural defect, § 1447(d) did not bar review. *Id.* We also held that a remand order pursuant to a forum selection clause is "final" for the purposes of 28 U.S.C. § 1291 under the collateral order doctrine. *Id.* at 1211.

Appellees suggest that the 1996 amendment to § 1447(c), which bars review of "any defect other than a lack of subject matter jurisdiction," not merely "any defect in remand procedure," broadens the scope of the prohibition on review and effectively

4

overturns our holding in *Foster*. But we rejected this argument in *Cook v. Wikler*, 320

F.3d 431 (3d Cir. 2003). Although we acknowledged that the 1996 amendment "renders

obsolete a certain amount of discussion in some of our prior decisions," we also observed

that most of the *results* in the prior decisions "appear unaffected by this statutory change

because § 1447(d) still only precludes appellate review of remand orders based on a

'defect.'" *Id.* at 435 n.5. Thus, the amendment does not limit review of remands "for

which there is no 'authority in . . . the controlling statute,'" such as *sua sponte* remands,

remands motivated by an overcrowded docket, remands on the basis of abstention or,

critical to the instant case, remands pursuant to forum selection clauses. *Id.* (listing

*Foster* as part of "large body of case law" undisturbed by amendment). Accordingly, we

have jurisdiction to entertain Sym-Tech's appeal.

Turning to the merits, we find that the District Court did not err when it found that

Sym-Tech unambiguously waived its right to a federal forum. We agree with Sym-Tech

that the phrase "a court of competent jurisdiction in the Commonwealth of Pennsylvania"

could include federal as well as state courts and the phrase "court or courts" suggests that

a federal forum is not entirely foreclosed. But the last sentence of the provision, in

which Sym-Tech waives "any rights regarding diversity of jurisdiction pertaining to this

matter," makes it clear that Sym-Tech agreed to waive federal diversity jurisdiction.

We are unpersuaded by Sym-Tech's suggestion that the use of the phrase

"diversity of jurisdiction" as opposed to "diversity of *citizenship* jurisdiction" renders the

provision ambiguous. Both phrases are commonly understood to refer to federal diversity

5

jurisdiction.  Indeed, this Court has at times used the phrases interchangeably.  *See, e.g., Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990);  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987).  Moreover, Sym-Tech's proffered interpretation — that "diversity of jurisdiction" refers to any rights it might have to a Canadian forum — bolsters our conclusion that the District Court did not err in finding the operative language susceptible of only one reasonable interpretation.  The first sentence of the provision provides that all disputes would be resolved within the Commonwealth of Pennsylvania, so we reject summarily Sym-Tech's suggestion that it retained a right to a Canadian forum under the agreement.

For the foregoing reasons, we will affirm the judgment below.