**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4727
_____

JOHN LOTT; SHEILA GANTZ;
BEAR MOUNTAIN REALTY

v.

JAMES S. DUFFY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-02768)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2014

Before: HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 4, 2014)
_____

OPINION
_____


PER CURIAM

        Appellant James Duffy appeals from an order of the District Court remanding an

action against him to state court for lack of subject matter jurisdiction.  For the reasons

that follow, we will dismiss the appeal in part for lack of jurisdiction and affirm in part.

Plaintiffs John K. Lott and Sheila Gantz, trading as Bear Mountain Realty, commenced an action in ejectment against defendant-appellant James Duffy in the Court of Common Pleas of Adams County, which was settled. The settlement provided that Duffy would release any claim, interest, or title to the subject property, and would vacate the property within ninety days. Instead of vacating the property, Duffy filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania. Lott and Gantz moved to lift the automatic stay of their state court ejectment action, and the Bankruptcy Court granted this motion. The Chief Bankruptcy Judge ordered and decreed that the automatic stay was terminated with respect to the subject property, and that the ejectment action in state court could proceed. Duffy's later attempt to reimpose the automatic stay failed.

Lott and Gantz then returned to state court to enforce the settlement by initiating contempt proceedings against Duffy. On June 7, 2013, the state court scheduled a hearing on the motion for contempt. In response, Duffy removed the ejectment action to the United States District Court for the Middle District of Pennsylvania, D.C. Civ. No. 13-cv-01580. Duffy alleged that removal was proper because of a procedural due process issue concerning whether he had received proper notice of the contempt action and/or the lifting of the automatic stay. Lott and Gantz filed a motion to remand the matter to state court, contending that the Notice of Removal was filed more than 30 days after service of the initial pleading in the ejectment action, and that the Notice of Removal was defective in that there was no basis for federal jurisdiction. In an order entered on October 30, 2013, the District Court remanded the matter to the Adams County Court of Common

2

Pleas, concluding that the ejectment action presented no federal question, 28 U.S.C. § 1331, and noting that a case may not be removed to federal court where a federal claim would arise only as a defense to a state-created action, see Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983). The District Court awarded attorneys' fees to Lott and Gantz, see 28 U.S.C. § 1447(c), in the amount of $350.00 because Duffy failed to advance any objectively reasonable grounds to support his claim of federal question jurisdiction, Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (court may award attorneys' fees as part of remand order where removing party lacked objectively reasonable basis for seeking removal). Duffy did not appeal this order of the District Court.

On November 13, 2013 – two days before he was scheduled to be evicted – Duffy filed another Notice of Removal in federal court relating to the state court ejectment action. Duffy alleged equal protection and due process violations in connection with an "imminent threat of arrest and loss of property," and claimed that the District Court had jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1443(1), which authorizes removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." The Notice of Removal was assigned a new civil action number, and Lott and Gantz moved to dismiss it on the ground that the District Court's prior remand determination should not be disturbed by Duffy's invocation of §§ 1343 and 1443(1). In an order entered on November 14, 2013, the District Court granted the plaintiffs' motion and awarded attorneys' fees against Duffy in the amount of $420. The court determined,

3

as before, that the Adams County action in ejectment did not involve a federal question, and that Duffy did not have an objectively reasonable basis for seeking removal. In addition, the court concluded that Duffy did not meet the requirements for removal under § 1443(1) because he did not allege a violation of his constitutional right to racial equality, and he did not allege facts from which it could reasonably be inferred that he had been denied or could not enforce his constitutional right to racial equality in the state courts.

Duffy appeals. He argues in his brief that we have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1447(d) because removal in the first instance was based on 28 U.S.C. § 1443(1). He also argues that the District Court erred in awarding attorneys' fees.[1]

We will dismiss the appeal in part for lack of jurisdiction and affirm in part. An order remanding a case to the State court from which it was removed generally is not reviewable on appeal. 28 U.S.C. § 1447(d); Feidt v. Owens Corning Fiberglas Corp., 153

---

[1] Duffy has also argued that, once the federal court issues a certified copy of the remand order, it is completely divested of jurisdiction over the pending state action, see Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995), and that, absent a certified copy of the District Court's October 30 remand order, the state court was without jurisdiction to proceed on the contempt issue. See Appellant's Pro Se Brief, at 8-11. We note that, following the District Court's October 30 remand order in D.C. Civ. No. 13-cv-01580 relating to Duffy's *first* Notice of Removal, he filed in that same action, on November 19, 2013, an item titled "Emergency Motion for the Return of Parties Status Quo," in which he advised the District Court that no certified copy of the remand order had ever been received by the Adams County Prothonotary. The District Court denied this motion on November 21, 2013, and rejected Duffy's argument about the effect of a lack of formal certification. Duffy did not timely appeal this order, see Fed. R. App. Pro. 4(a)(1)(A) (proving for 30 days in which to appeal), and, accordingly, we lack jurisdiction to review it, Bowles v. Russell, 551 U.S. 205, 214 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement).

4

F.3d 124, 126 (3d Cir. 1998). Section 1447(d) provides for an exception where the case was removed from State court pursuant to § 1443(1) governing civil rights cases, but, here, the District Court's remand order was based on a lack of federal subject matter jurisdiction. The plaintiffs' state court ejectment action contained no civil rights count or claim and plainly could not have been filed initially in federal court; thus the exception set forth in § 1447(d) does not apply. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d Cir. 1995). A defense based on federal law does not establish federal question jurisdiction for removal purposes, Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987). "[A] federal question must appear on the face of the complaint, and … the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Id. The ejectment action filed by Lott and Gantz is governed by state law, see Soffer v. Beech, 409 A.2d 337, 340-41 (Pa. 1979), and does not present a federal question. Accordingly, the matter belongs back in state court.

Moreover, as explained by the District Court, section 1443(1) will support removal only when the civil rights at issue involve matters of racial equality. Georgia v. Rachel, 384 U.S. 780, 792 (1966). See also Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Section 1443(1) applies only in rare cases. See Davis v. Glanton, 107 F.3d 1044, 1048-49 (3d Cir. 1997). To succeed at removal on this basis, a state court defendant must allege a deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality. See id. at 1047. There was no allegation in the District Court of racial discrimination, and Duffy does not seriously contest this issue on

5

appeal in stating generally that removal petitions may be filed by members of the Caucasian race, see Appellant's Pro Se Brief, at 16.

Here, the District Court acted within its authority in determining that the ejectment action presented no federal question and in determining that removal was not proper, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."), and, therefore, appellate jurisdiction is lacking, see Feidt, 153 F.3d at 126 ("[W]e repeatedly have held that section 1447(d) bars review of remand orders based upon the types of subject matter jurisdictional issues which district courts routinely make under section 1447(c)."). See also Cook v. Wikler, 320 F.3d 431, 434 (3d Cir. 2003) (same).

We will affirm the order of the District Court to the extent of the award of attorneys' fees. Although § 1447(d) precludes us from reviewing the District Court's remand order for purposes of reversing it, we may review pursuant to 28 U.S.C. § 1291 the District Court's award of attorneys' fees under § 1447(c). See Roxbury Condominium Ass'n Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003) (citing 28 U.S.C. § 1291). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 140. Therefore, whether fees are awarded should turn on the reasonableness of the removal. See id. at 141. Duffy's second Notice of Removal was plainly unreasonable given the District Court's

disposition of his first Notice of Removal.  Accordingly, the District Court did not abuse its discretion in awarding attorneys' fees in the amount of $450.00.

For the foregoing reasons, we will dismiss the appeal in part for lack of jurisdiction and affirm in part.