**NOT PRECEDENTIAL**

BLD-408

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1159
_____

JAMES S. DUFFY,

Appellant

v.

MICHAEL A. GEORGE; JOHN LOTT; SHEILA GANTZ;
BEAR MOUNTAIN REALTY; RICHARD E. THRASHER;
JOSEPH MILLER; ESTATE OF CATHERINE M. MILLER;
YVETTE KANE; EDWARD PUHL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. 1-14-cv-02111)
District Court Judge: Honorable Gerald J. Pappert

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2016

Before: KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 30, 2016)
_____

OPINION[*]
_____

PER CURIAM

James S. Duffy filed a complaint in the District Court alleging that two judges, five individuals, an estate, and a company conspired to violate his constitutional rights.[1] The District Court dismissed the complaint, ruling that the judges were immune from Duffy's suit, and that he failed to allege specific facts sufficient to support his conspiracy claims. Duffy appealed the dismissal, and the Defendants have filed three separate motions asking this Court to summarily affirm the District Court's decision.

We have jurisdiction under 28 U.S.C. § 1291. Because this appeal presents no substantial questions, we will grant the Defendants' motions and summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court correctly ruled that Judge Kane and Judge George are immune from Duffy's civil rights suit. The well-established doctrine of absolute judicial immunity shields a judicial officer, who is performing his or her duties, from lawsuits and judgments for monetary damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000). There are two exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12 (internal citations omitted). Nothing in

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Duffy's complaint can be read as asserting that any of Judge Kane's actions fell within either exception. We will therefore grant Judge Kane's motion to summarily affirm the dismissal of the claims against her.

Moreover, for the reasons given by the District Court, Judge George is also immune from the claims in Duffy's suit. Duffy's complaint alleged that a technical defect in Judge Kane's order, which remanded the case to Judge George's court, meant that Judge George was acting without jurisdiction in adjudicating the case upon remand. As the District Court explained, the underlying action was filed in Judge George's court, and Duffy's two attempts to remove it to federal court were unsuccessful. See Lott v. Duffy, 579 F. App'x 87 (3d Cir. 2014) (dismissing in part, and affirming in part, Duffy's attempt to appeal the second remand order). Accordingly, there is no basis to conclude that Judge George was acting without jurisdiction. We will thus grant Judge George's motion to summarily affirm the dismissal of Duffy's claims against him.

We will also grant the remaining Defendants' motion to summarily affirm the District Court's dismissal of the claims against them. The remaining Defendants are private actors, not state actors, who generally cannot be held liable under 42 U.S.C. § 1983. See Angelico v. Lehigh Valley Hosp. Inc., 184 F.3d 268, 277 (3d Cir. 1999). A private actor may be held liable under § 1983 as a state actor when (1) he is a state official, (2) "he has acted together with or has obtained significant aid from a state

---

[1] The parties, for whom we write, are familiar with the facts of this case, which the District Court thoroughly described on pages two through six of its memorandum

3

official," or (3) his conduct is, by its nature, chargeable to the state. <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982). Here, Duffy alleged that Judge George issued orders in the underlying lawsuit without jurisdiction, and the remaining Defendants conspired with the Judge by following his orders. However, § 1983 liability cannot extend to the Defendants for simply "relying on some state rule governing their interactions [with Duffy]." <u>Id.</u>; <u>see also</u> <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010). Accordingly, we will summarily affirm the District Court's decision to dismiss Duffy's complaint against the remaining Defendants.

For these reasons, we will grant the Defendants' motions and summarily affirm the District Court's judgment.

---

addressing the Defendants' motions to dismiss.