

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2003

# Ariel Land Owners v. Dring

Precedential or Non-Precedential: Precedential

Docket No. 03-1563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Ariel Land Owners v. Dring" (2003). *2003 Decisions.* Paper 13.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/13

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 9, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1563

ARIEL LAND OWNERS, INC.

v.

LORI DRING; NANCY ASARO,

Appellants

On Appeal From The United States District Court
For The Middle District of Pennsylvania
(Civil Action No. 01-CV-00294)
District Judge: The Honorable A. Richard Caputo

Argued November 7, 2003

Before: MCKEE, SMITH, and GREENBERG, *Circuit Judges*

(Opinion Filed: December 9, 2003)

Joseph A. O'Brien
Karoline Mehalchick [Argued]
Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA 18411

Michael P. Lehutsky
115 Lincoln Street
Honesdale, PA 18431
Counsel for Appellee

Donald H. Brobst
Elizabeth C. Leo
Rosenn, Jenkins & Greenwald
15 South Franklin Street
Wilkes-Barre, PA 18711

Michael Profita [Argued]
500 Glenpointe Centre West
Teaneck, NJ 07666
Counsel for Appellants

---

**OPINION OF THE COURT**

---

SMITH, *Circuit Judge*:

Appellants Lori Dring and Nancy Asaro appeal from an order of the District Court for the Middle District of Pennsylvania remanding this case to the state court in which the complaint was originally filed. Because Appellee Ariel Land Owners ("ALO") failed to file a timely motion to remand under 28 U.S.C. § 1447(c), the District Court had no authority to remand this case. For that reason, we have jurisdiction to review the remand order and we will reverse the order of the District Court.

I.

On May 17, 1999, ALO filed an action to quiet title against Appellants in the Wayne County Court of Common Pleas. The complaint could have been filed in federal court invoking diversity jurisdiction, and was therefore removable to federal court on May 17. Appellants removed the case to the Middle District of Pennsylvania almost two years later on February 15, 2001. On December 12, 2002, over 20 months after the case was removed to federal court, ALO filed a motion to remand challenging the timeliness of removal.

On January 28, 2003, the District Court granted ALO's motion, remanding the case to state court. *Ariel Land Owners, Inc. v. Dring*, 245 F. Supp. 2d 589 (M.D. Pa. 2003). The District Court concluded that, pursuant to 28 U.S.C.

§ 1446(b), it lacked jurisdiction over the case because removal had occurred more than one year after the commencement of the case. The District Court further held that, because the one-year time limit in § 1446(b) is jurisdictional, remand was appropriate despite the fact that ALO did not move to remand within 30 days after the notice of removal, as required by § 1447(c). Appellants filed a timely appeal of the District Court's remand order.

## II.

A remand order terminating all proceedings in federal court is final and appealable under 28 U.S.C. § 1291. *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 449 (3d Cir. 2000). Our jurisdiction to review the District Court's remand order is nevertheless limited by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342-43 (1976); *Cook v. Wikler*, 320 F.3d 431, 434-35 (3d Cir. 2003). Section 1447(d), however, does not bar review of "remand orders issued outside the authority granted to District Courts under section 1447(c)." *FMC*, 208 F.3d at 448; *accord Cook*, 320 F.3d at 435 n.5, 438-39 n.9.

Section 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The statute is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion. *FMC*, 208 F.3d at 450 ("[I]t is clear under section 1447(c) that [the procedural] irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal."); *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by . . .

Section 1447(c) had expired, the district court exceeded [its] statutorily defined power."). On the other hand, a jurisdictional defect may be raised at any time. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) ("This 30-day limit does not apply, however, to jurisdictional defects . . . ."); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 51 (3d Cir. 1995).

Accordingly, whether this appeal is barred by § 1447(d) turns on whether the District Court exceeded its statutory authority to remand under § 1447(c), which itself turns on whether the basis for remand is jurisdictional. If the one-year time limit in § 1446(b) is not jurisdictional, then the District Court had no authority to remand, because ALO's motion was filed more than 30 days after the notice of removal. If, on the other hand, the District Court is correct and the one-year time limit is a jurisdictional requirement, then a timely motion was not required to remand. We review this question of statutory authority and federal jurisdiction *de novo*. *Cook*, 320 F.3d at 438 n.8. Our conclusion that the one-year time limit is not jurisdictional resolves both the threshold issue of our jurisdiction, as well as the merits of this appeal. *See FMC*, 208 F.3d at 449-50.[1]

---

1. Appellants also challenge the District Court's application of the one-year time limit to this case, which was removable when it was originally filed in 1999. Appellants argue that the one-year time limit only governs cases that are not removable when filed, reasoning that the provision is a dependent clause that necessarily applies only to the antecedent clause in the second paragraph of section 1446(b). Four of the circuits agree. *See Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-17 (9th Cir. 1998). We do not reach this issue because we conclude that the District Court had no authority to remand. Moreover, even assuming that the District Court had authority to issue the remand order, review of the District Court's application of the one-year limit is barred by section 1447(d). *Cook*, 320 F.3d at 435. Nevertheless, we note that many of the District Court's reasons for construing the one-year time limit as jurisdictional also informed its departure from the above-cited decisions.

### III.

Section 1446 establishes the procedure for removal. Section 1446(b) states, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Although this Court has not specifically addressed whether the one-year time limit in the second paragraph of § 1446(b) is jurisdictional, we have repeatedly stated that "an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Korea Exchange*, 66 F.3d at 50; *accord Cook*, 320 F.3d at 436; *FMC*, 208 F.3d at 450 n.6. Here, there is no dispute that the case could have initially been filed in federal court. Our precedents thus clearly indicate that jurisdiction was proper notwithstanding any failure to comply with the one-year time limit in § 1446(b).

In *Korea Exchange*, we surveyed a number of Supreme Court decisions "refus[ing] to treat the removal statute as imposing independent jurisdictional requirements." 66 F.3d at 49-50; *accord Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913) ("Removal proceedings are in the nature of process to bring the parties before the United States court."). In particular, it is well established that the 30-day time limit for removal in the first paragraph of 1446(b) is procedural, *McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989), and that a case may not be remanded for failure to comply with the 30-day time limit

absent a timely motion, *Air-Shields*, 891 F.2d at 64-65. We see no reason in the language or history of § 1446(b) to construe the one-year time limit any differently. *Accord Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (holding that the one-year limit in section 1446(b) is procedural, not jurisdictional, and is therefore waived if not raised in a timely motion to remand); *cf. Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-27 & n.8 (5th Cir. 2003) (discussing *Barnes* and stating: "Having found the first paragraph of § 1446(b) subject to equitable considerations, we find no reason to depart from this precedent with respect to the second paragraph of § 1446(b)").

First, nothing in the text of the statute suggests that the one-year limit operates differently from the 30-day limit. Neither provision expressly purports to limit federal jurisdiction, and the prohibitive terms of the one-year limit ("except that a case may not be removed") are no more mandatory than the compulsory terms of the 30-day limit ("[t]he notice of removal . . . shall be filed").[2] Instead, insofar as the one-year limit applies to cases "removed on the basis of jurisdiction conferred by section 1332," *i.e.*, diversity jurisdiction, the statute recognizes that jurisdiction is determined by whether the complaint, as amended, could have been filed in District Court. *See also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."); *Korea Exch.*, 66 F.3d at 49 (discussing the "clear distinction between the removal 'process' and restrictions on the subject matter jurisdiction of the federal court over the case").

Second, the legislative history of § 1446(b) shows that the one-year time limit was designed to operate in tandem with

---

2. There is no question that the statute prohibits removal outside of certain time limits; the question here is whether those time limits are jurisdictional. The Supreme Court's statement in *Caterpillar* that "[n]o case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action,' " 519 U.S. at 69, simply traces the mandatory language of the statute, and sheds no light on whether the Court considers the one-year time limit to be jurisdictional.

the 30-day time limit, and therefore that the two should be construed consistently. Enacted as part of the 1988 Judicial Improvements and Access to Justice Act (the "1988 Act"), Pub. L. No. 100-702, § 1016(b), 102 Stat. 4642, 4669,[3] the one-year time limit was intended to remedy the anomalous situation where a change in the parties late in the litigation allows a party to remove for the first time. H.R. Rep. No. 100-889, at 72 (1988); *accord Caterpillar*, 519 U.S. at 74 n.12 ("Congress amended § 1446(b) in 1988 to include the one-year limitation in order to 'reduc[e] the opportunity for removal after substantial progress has been made in state court.'" (quoting H.R. Rep. No. 100-889, at 72). The one-year time limit was therefore intended simply to close a procedural gap that had arisen in the application of the 30-day time limit, and was not intended to operate in a fundamentally different manner from the 30-day time limit.

Importantly, the very same section of the 1988 Act also added the requirement in § 1447(c) that motions to remand based on non-jurisdictional defects be filed within 30 days of removal. Pub. L. No. 100-702, § 1016(c), 102 Stat. at 4670. Congress was concerned with the "burdens of shuttling a case between two courts that each have subject matter jurisdiction," and with the "risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn." H.R. Rep. No. 100-889, at 72. These concerns apply with as much—if not greater—urgency in the context of the one-year limit. Congress recognized that "[r]emoval late in the proceedings may result in substantial delay and disruption." *Id.* That delay and disruption is only compounded by permitting federal proceedings to carry on at length (nearly two years in the instant case), only to have the case interrupted again and sent back to the state court. Such a result would be manifestly inconsistent with the objectives of judicial economy articulated in the 1988 Act. *Id.* at 22; *Singh v. Daimler-Benz AG*, 9 F.3d 303, 306-10 (3d Cir. 1993) (discussing the history and purpose of the 1988 Act).

---

3. Section 1016 of the 1988 Act is entitled "Improvements in Removal Procedure." Subsection (b) is entitled "Procedure for Removal."

8

## IV.

Because failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect, a district court has no authority to order remand on that basis without a timely filed motion. And because no timely motion was filed in this case, the District Court exceeded its statutory authority to remand under § 1447(c), and appellate review is not barred by § 1447(d). Moreover, because the District Court exceeded its authority under § 1447(c), the remand order will be reversed.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*