**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1901
_____

CLARENCE PHIPPEN,
                    Appellant

v.

CO FISKE; PA JANAN LOOMIS; DONALD JONES; JOE NISH;
DEPARTMENT OF CORRECTIONS PROGRAM REVIEW COMMITTEE;
RHONDA ELLETT, Unit Manager; DEPARTMENT OF CORRECTIONS;
STATE OF PENNSYLVANIA; CO MCHUGH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:09-cv-00795)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2012

Before:  SLOVITER, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: January 7, 2013)
_____

OPINION
_____

PER CURIAM

1

Clarence Phippen, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's final order granting summary judgment in favor of the remaining defendants in this civil rights action. For the reasons that follow, we will affirm.

Because we write primarily for the parties, we discuss the background of this case only briefly here. In 2009, Phippen, then incarcerated at the State Correctional Institution at Waymart ("SCI-Waymart"),[1] commenced this action by filing a complaint in the Court of Common Pleas for Wayne County, Pennsylvania. The complaint named as defendants the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, the Program Review Committee at SCI-Waymart ("PRC"), several officials at SCI-Waymart, and Janan Loomis, a physician's assistant who worked for a medical provider that served prisoners at SCI-Waymart.

Loomis ultimately removed the case to the District Court pursuant to 28 U.S.C. § 1441. More than thirty days after she filed her notice of removal, Phippen moved the District Court to remand the case back to state court, claiming that the notice of removal was untimely under 28 U.S.C. § 1446(b). Thereafter, the United States Magistrate Judge who was assigned to the case issued an order deeming Phippen's motion withdrawn based on his failure to file an accompanying brief. In a report issued that same day, the Magistrate Judge noted that Phippen's remand motion was untimely as well.

---

[1] Phippen is currently incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania.

Meanwhile, Loomis moved to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted that motion without prejudice to Phippen's filing an amended complaint. In April 2010, Phippen filed an amended complaint as to all of the defendants, enumerating sixty-three causes of action. Thereafter, Loomis again moved to dismiss pursuant to Rule 12(b)(6).

The Magistrate Judge subsequently issued a sixty-page report recommending that the District Court grant Loomis's pending motion and dismiss the claims against her without affording Phippen further leave to amend. In that same report, the Magistrate Judge also reviewed the claims against the other defendants pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge recommended that all but eight of those claims be dismissed, and concluded that granting further leave to amend would be futile. In October 2010, the District Court adopted all of these recommendations. As a result, the only causes of action that remained were certain claims against the PRC and four of the SCI-Waymart officials.

Several months later, the remaining defendants moved for summary judgment on the eight surviving claims. The Magistrate Judge subsequently issued a forty-page report recommending that the District Court grant that motion and close the case. On March 2, 2012, the District Court adopted that recommendation. This appeal followed.[2]

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We may affirm the district court on any ground supported by the record." Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

II.

We begin our review with Phippen's claim that the District Court should have remanded this case to the state court. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must* be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c) (emphasis added). "It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010). Accordingly, Phippen had to file his remand motion within thirty days of the date on which Loomis filed her notice of removal. Because he failed to do so, the District Court lacked the authority to grant his remand motion. See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 612 (3d Cir. 2003).

We now turn to the District Court's adjudication of Phippen's amended complaint. We exercise plenary review over both the court's order dismissing the vast majority of Phippen's claims and its subsequent order granting summary judgment on his remaining claims. See Gikas v. Wash. Sch. Dist., 328 F.3d 731, 734 (3d Cir. 2003). For substantially the reasons set forth in the two Magistrate Judge reports upon which the District Court relied in issuing those orders, we agree with the court's disposition of Phippen's amended complaint.

4

As for the remaining arguments set forth in Phippen's briefing, we have considered those arguments and conclude that they do not entitle him to relief.[3] Accordingly, we will affirm the District Court's judgment.

---

[3] Phippen's claim that the District Court exhibited bias against him is baseless. To the extent this claim is fueled by his dissatisfaction with the District Court's resolution of his case, that sentiment does not justify granting relief here. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").