PS5-029                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2684
_____

JANET FRANCIS,
                        Appellant

v.

TD BANK, N.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:12-cv-07753)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2014
Before:  CHAGARES, JORDAN and GARTH, Circuit Judges

(Opinion filed: December 29, 2014)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Janet Francis appeals from the orders of the District Court dismissing her amended complaint for failure to state a claim and denying reconsideration. For the following reasons, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we will only briefly recite the facts of the case. In May 2011, TD Bank, N.A. ("TD Bank") commenced a foreclosure action against Francis in the Superior Court of New Jersey ("the Superior Court") after she defaulted on her obligations under a mortgage loan. Francis raised several counterclaims against TD Bank.[1] In November 2012, the Superior Court issued a decision denying Francis's counterclaims and granting TD Bank's motion for summary judgment.

In December 2012, Francis filed a complaint against TD Bank in the District Court. Because her complaint failed to comply with proper pleading requirements, the District Court granted Francis an opportunity to amend it. In February 2013, Francis filed an amended complaint raising seventeen causes of action.[2] TD Bank moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. While the motion to dismiss was pending, Francis filed an "Amended Notice of Removal," in which she argued that her filing of the amended complaint served to

---

[1] Francis filed her own action in state court against TD Bank, but it was dismissed soon after it was filed.

[2] Francis listed her claims against TD Bank as follows: Failure to Serve Complaint and Summons; Negligence; Fraud; Violation of Truth in Lending Act; Quiet Title; Violation of Fair Foreclosure Act; Misapplied Payments; Breach of Contract; Assessed Incorrect Interest Rate at Closing; Assessed Incorrect Taxes at Closing; Wrongful Foreclosure; Noncompliance of Rescission; Set Aside Foreclosure Sale; Void Trustee's Deed Upon Sale; Void Attempt of Assignment of Deed of Trust; Negligent Intentional Infliction of Emotional Distress; and Intentional Infliction of Emotional Distress.

remove the state foreclosure action to federal court. She attached to that filing a copy of a Notice of Removal that she delivered to the Superior Court on March 6, 2013.

The District Court granted the motion to dismiss, concluding that Francis's claims were either foreclosed by the doctrines of claim and issue preclusion, prohibited by the Rooker-Feldman doctrine,[3] or failed to sufficiently state claims for relief. The District Court also determined that, contrary to Francis's assertion, the foreclosure case had not been removed to federal court. The District Court identified federal and state law claims and noted that Francis had not attempted to remove that action from state court within the thirty-day time limit set forth in 28 U.S.C. § 1446(b). After the District Court denied Francis's motion for reconsideration,[4] she timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order dismissing the complaint. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face" by allowing a "reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). We review the order denying the motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[4] The District Court also denied the parties' cross-motions for sanctions, which are not at issue in this appeal.

3

F.3d 666, 669 (3d Cir. 2010) (per curiam). We may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

On appeal, Francis has not meaningfully challenged the District Court's orders dismissing the complaint or denying reconsideration. Rather, she argues generally that the District Court erred by failing to reverse the judgment of the Superior Court in the foreclosure action filed by TD Bank. (See Appellant's Brief at 4.) She explains that the District Court failed to observe the fact that TD Bank did not to serve a "valid complaint and summons" and "validate the debt" in the foreclosure action. (Id.)

Contrary to Francis's argument, the District Court did not have the authority to simply reverse the ruling in the state court foreclosure action. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine deprives district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). To the extent that Francis wished to obtain federal review of the state court judgment, she should have sought discretionary review in the United States Supreme Court after exhausting her state court remedies. See In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).

Francis also argues that the District Court erred by failing to treat her case as a removal action. First, she appears to raise this argument in an attempt to bolster her previous argument that the District Court should have reversed the state court judgment.

4

Furthermore, as the District Court explained, Francis did not remove the state court case to federal court. Rather, she initiated an original action in the District Court on December 20, 2012, when she filed her federal complaint. When the District Court ordered her to properly allege facts in support of her claims, she submitted an amended complaint. Although she discussed "removal" of the state action at the outset of her amended complaint and attached state court documents among her many exhibits, she also listed seventeen causes of action for relief. Her filing read as an independent action. Neither the District Court nor the defendants were on notice that Francis sought to remove a state court action.[5]

Francis additionally asserts that the District Court erred by failing to adjudicate certain matters that were left unresolved on the state court docket. As an initial matter, given that final judgment was entered in the state court case, all matters appear to have been resolved. However, even assuming that Francis is correct, the District Court did not have the authority to decide matters which arose in the state court case. See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970) (noting that state courts and federal courts comprise separate legal systems); In re Grand Jury Proceeding,

---

[5] That she later filed an "Amended Notice of Removal" in the District Court proceeding does not change the analysis. Moreover, as the District Court noted, and as TD Bank argued in its motion to dismiss, the time-period for removing the state case to federal court had long expired before Francis filed her original complaint (or the later filed amended complaint or "Amended Notice of Removal") in the District Court. See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003) (quoting 28 U.S.C. § 1446(b), which provides that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.")

5

654 F.2d 268, 278-79 (3d Cir. 1981) (explaining that generally federal courts may only issue directives to state courts to protect their jurisdiction or effectuate judgments).

Finally, construing Francis's pro se brief liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), she appears to take issue with the District Court's dismissal of the first claim in her amended complaint—"Failure to Serve Complaint and Summons."[6]  In the amended complaint, Francis explained that after TD Bank filed the foreclosure action, it failed to serve the other parties in interest to the action.[7]  Francis does not argue that she did not receive a copy of the complaint and summons, but rather that TD Bank's failure to serve the other parties somehow undermined the proceedings. Even assuming that such a claim were cognizable, Francis failed to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (quotation marks and citation omitted).  Attached to her amended complaint are copies of the summonses (and corresponding affidavits of service) that TD Bank served on the other parties in interest. Cf. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that, on a motion to dismiss, a court may consider the allegations in the complaint as well as attached exhibits and indisputably authentic documents).  Indeed,

---

[6] Even affording Francis's brief liberal construction, we conclude that she has waived all remaining challenges to the District Court's orders.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (stating that although "appellate courts generally do not hold pro se litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding pro se, especially when [she] has raised an issue below and elected not to pursue it on appeal.").

[7] Those parties included the Township of Westhampton, where the mortgaged property was located, and the State of New Jersey.

6

TD Bank appears to have fully complied with the service requirements of New Jersey Court Rule 4:4-4(b)(1)(C). Moreover, even if the interested parties had not been properly served, Francis did not indicate that she was in any way precluded from participating in the case.

For these reasons, we will affirm the judgment of the District Court.[8]

---

[8] Subsequent to filing her briefs, Francis filed a document titled "Plaintiff Janet Francis Notice of Motion," wherein she appears to request summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Such a motion is properly brought in a district court, not on appeal. Nonetheless, to the extent that she seeks an order from this Court vacating the District Court's ruling and granting judgment in her favor, her requests are denied.