**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2897
_____

SANTANDER BANK

v.

STEVE M. HOSANG;
MRS. STEVE M. HOSANG, HIS WIFE;
UNITED STATES OF AMERICA

Steve HoSang,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:15-cv-01981)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2015

Before: FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  January 7, 2016 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On March 17, 2015, days after Santander Bank, N.A., mailed Steve M. HoSang a notice of a motion for entry of final judgment in a state foreclosure action in the New Jersey Superior Court, HoSang removed the foreclosure action to the United States District Court for the District of New Jersey. In his notice of removal, he cited 28 U.S.C. § 1443, stating that Santander Bank's filing of a foreclosure action in state, instead of federal, court resulted in a denial of (or his inability to enforce) his civil rights. He argued that Santander Bank did not have standing to bring the action, and that he could not exercise his constitutional right to confront Santander Bank because it is a corporation. He elaborated on his standing arguments in an "initial brief" that he filed in support of his notice of removal. (HoSang argued that the foreclosure complaint should be quashed because Santander Bank should not be permitted to stand in the place of the original lender or creditor.) In the beginning of May, HoSang filed a motion for default judgment because Santander Bank had not appeared in the action or responded to the notice of removal. (HoSang asserted that Santander Bank had been served.)

One day after final judgment was entered in the foreclosure action in favor of Santander Bank, counsel for the bank wrote to the District Court to state that Santander Bank was "only advised of the removal by Defendant HoSang over the past few days and just discovered Mr. HoSang's motion." Santander Bank requested an extension of time to file a response and a motion to remand. The District Court allowed the extension (to which HoSang objected with alleged proof of service of his notice of removal and motion for default). On June 17, 2015, Santander Bank filed the response and motion.

2

In support of remand under 28 U.S.C. § 1447(c), Santander Bank argued that HoSang improperly and untimely removed the matter to federal court in an attempt to engage in forum shopping. Santander also contended that removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332 was improper under § 1441(b) and the "forum defendant rule" because HoSang was a citizen of the forum state.

The District Court granted Santander Bank's motion and denied the motion for default judgment as moot. The District Court remanded the matter to state court. The District Court concluded that although HoSang cited § 1443 in his notice of removal, he also sought to premise jurisdiction on 28 U.S.C. § 1332(a). The District Court ruled that "neither provision establishes subject matter jurisdiction over plaintiff's state court foreclosure action." The District Court more specifically determined that removal under § 1443 was improper because no federal question was presented on the face of the complaint and the notice of removal merely had defenses or presumed counterclaims based on alleged violations of federal law. The District Court also stated that HoSang's New Jersey citizenship defeated any attempt at removal under § 1441(b).

HoSang appeals. In addition to contesting the entry of judgment by the state court, HoSang asserts that the District Court had jurisdiction to hear his action. He maintains that he raised constitutional issues, namely challenges under the Sixth and Eleventh Amendments based on how he was treated by the state trial court and the clerk of court. In its brief and in a motion, Santander Bank asks us to dismiss the appeal for lack of

jurisdiction.  Alternatively, in its motion, Santander Bank requests that we summarily affirm the District Court's order.  Hosang opposes the motion.[1]

We grant Santander Bank's motion to dismiss in part, and we will dismiss this appeal to the extent that we lack jurisdiction over the District Court's remand order. Section 1447(d) provides that a remand order is "not reviewable on appeal or otherwise" unless the removal in the first instance was made pursuant to 28 U.S.C. §§ 1442 or 1443. 28 U.S.C. § 1447(d).  The Supreme Court has interpreted this provision to mean that an appeals court has no jurisdiction to review orders that were entered pursuant to a district court's authority to remand under § 1447(c), namely those remand orders that are based on "any defect in removal procedure" or a lack of subject matter jurisdiction, whether erroneous or not.[2]  See Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229-30 (2007) (discussing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976), and Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)).  Accordingly, we need not and do not review the District Court's determination that it lacked subject matter jurisdiction because the diversity requirement was not met.  See Davis v. Glanton, 107 F.3d 1044,

---

[1] Santander Bank also presents a motion to supplement the appendix, which has also been construed as a motion to expand the record.

[2] On appeal, Santander Bank also presents the argument that the removal was untimely. We do not reach the question.  We note that not only did the District Court not rule on the basis of timeliness, but also that it is unclear whether the District Court could have remanded based on untimeliness given when Santander Bank responded to the notice of removal.  Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003).  (Because it is unnecessary to our analysis, we also do not resolve the service question that the parties dispute.)

4

1047 (3d Cir. 1997) (dismissing appeal for lack of jurisdiction "insofar as it is predicated on § 1441").

We have jurisdiction to determine whether remand was proper insofar as removal was sought under § 1443. See Davis, 107 F.3d at 1047. We exercise plenary review over the underlying basis for remand to the extent it involves a legal question. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).

Upon review, we conclude that the District Court did not err in ruling that HoSang could not remove the foreclosure action under the provision he invoked, § 1443. As the District Court noted, jurisdiction under this provision must be plain from the face of the complaint. Davis, 107 F.3d at 1047. Furthermore, for § 1443(1) to apply,[3] "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis, 107 F.3d at 1047 (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). The civil rights at issue must involve matters of racial equality. Id. HoSang, in presenting the foreclosure complaint, and arguing, inter alia, that he was being deprived of a confrontation right, did not show that he was entitled to removal under § 1443.

---

[3] HoSang did not allege in the District Court, and does not argue on appeal, anything that might allow removal under § 1443(2), which relates to the execution of certain duties by federal officers. See 28 U.S.C. § 1443(2); City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966).

Accordingly, to the extent that we have jurisdiction over the District Court's order remanding the matter to state court, we will affirm it.[4] We grant in part the motion to dismiss for lack of jurisdiction, and we will dismiss this appeal to the extent that we do not have jurisdiction over the remand order. The "motion to dismiss appeal or for summary action" is otherwise denied. The motion to supplement the appendix is granted, but, to the extent that Santander Bank seeks to expand the record with its supplemental appendix, the request is denied.

---

[4] We also discern no error in the District Court's decision to deny HoSang's motion for default judgment as moot in light of the remand.