**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3811
_____

GREEN TREE SERVICING LLC

v.

DAVID CARGILLE a/k/a David L. Cargille;
JULIE CARGILLE a/k/a Julia L. Cargille;
MR. CARGILLE, husband of Julie Cargille, a/k/a Julia L. Cargille;
MRS. DAVID CARGILLE, wife of David Cargille a/k/a David L. Cargille

David L. Cargille; Julie L. Cargille,
                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-15-cv-00938)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2016

Before: VANASKIE, SCIRICA and FUENTES, Circuit Judges

(Filed: October 7, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

David and Julie Cargille, proceeding pro se, appeal a remand order issued by the United States District Court for the District of New Jersey. For the reasons that follow, we will vacate the order of the District Court.

Green Tree Servicing LLC filed a foreclosure action against the Cargilles in New Jersey state court. On February 4, 2015, the Cargilles filed a Joint Notice of Removal removing the action to District Court and asserting that the District Court had diversity jurisdiction under 28 U.S.C. § 1332. The District Court granted the Cargilles an extension of time to respond to the complaint. On May 15, 2015, the Cargilles moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On May 20, 2015, Green Tree moved to remand the matter to state court. Assuming that diversity of citizenship and the amount in controversy were satisfied, Green Tree argued that removal was improper under 28 U.S.C. § 1441(b)(2), which prohibits removal based on diversity jurisdiction if any of the defendants is a citizen of the state in which an action is brought. Green Tree stated that the Cargilles are domiciled in New Jersey, the state where the foreclosure action was brought. In response, the Cargilles argued that Green Tree had waived its argument by failing to file its motion to remand within 30 days of their notice of removal, as required by 28 U.S.C. § 1447(c).

After a hearing, the District Court granted Green Tree's motion to remand and denied the Cargilles' motion to dismiss as moot. The District Court found removal based on diversity jurisdiction improper under § 1441(b)(2) and rejected the Cargilles'

2

argument that Green Tree had waived its objection. The District Court stated that the Cargilles had referred to federal question jurisdiction in one of its notices and it was thus questionable whether Green Tree should have waited to file its motion to remand until the Cargilles responded to the complaint to see if a federal question was raised. The District Court also found that there was no federal question upon which to base its jurisdiction. See 10/13/15 Hearing Trans. at 20-22. This appeal followed.

Because this appeal raises a question as to the District Court's statutory authority to remand the action to state court, our appellate jurisdiction is intertwined with the merits of the appeal. We discuss both together below. Our standard of review is de novo. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003).

Under 28 U.S.C. § 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(d) provides, subject to certain exceptions not applicable here, that an order remanding a case to the state court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447(d). We have explained that § 1447(d) bars review of remand orders that are issued under § 1447(c) and invoke the grounds specified therein – a procedural defect or lack of jurisdiction. Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 126 (3d Cir. 1998).

3

Remand orders issued outside the authority granted under 1447(c), however, are reviewable on appeal. In re FMC Corp. Packaging Systems Div., 208 F.3d 445, 448 (3d Cir. 2000). Under § 1447(c), the District Court only has authority to remand based on a defect other than lack of subject matter jurisdiction when a timely motion is filed. Ariel Land Owners, 351 F.3d at 613. We may thus review a remand order based on a non-jurisdictional defect where an untimely motion to remand was filed because such an order is outside the authority granted in § 1447(c). Id.

Because Green Tree filed its motion to remand more than 30 days after the notice of removal was filed, our jurisdiction and the disposition of this appeal depend on whether a remand based on § 1441(b)(2) is jurisdictional. See id. We have previously held that § 1441(b)(2)'s bar is not jurisdictional, but is a waivable defect in removal procedure, where the case could have been filed initially in federal court. Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995).

In Korea Exchange Bank, there was no dispute that the case could have been filed originally in federal court based on diversity jurisdiction. We stated that the erroneous removal by a defendant who was a citizen of the state where the action was filed was not jurisdictional, and that § 1447(c) requires that such a defect be raised in a motion to remand within 30 days after the filing of the notice of removal. Id. at 50-51. We ruled that the district court lacked statutory authority to sua sponte remand the matter after the

4

30-day period expired. Id. at 51.[1] For the same reason, our review was not barred by § 1447(d). Id. See also Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (noting district court lacked authority to remand where motion alleging a procedural defect was filed more than 30 days after filing of notice of removal).

Here, the Cargilles alleged in the Joint Notice of Removal that they and Green Tree are citizens of different states and that the amount in controversy exceeds $75,000 based on the amount of their note and the value of the property. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). Green Tree does not dispute these allegations.[2] The Cargilles' erroneous removal under § 1441(b)(2) was not a jurisdictional defect, but a defect in removal procedure. Because the motion to remand was untimely filed, the District Court was not permitted to remand on that basis and our review is not barred by § 1447(d).

Green Tree states, similar to the District Court, that the Cargilles referred to 28 U.S.C. § 1331, the statute providing for federal question jurisdiction, in a notice of removal, but it did not know whether a federal question was implicated until the Cargilles filed their motion to dismiss.[3] Green Tree asserts that it filed its remand motion once it

---

[1]We have since held that district courts lack authority to sua sponte remand based on procedural defects; a motion is required. In re FMC Corp., 208 F.3d at 451.
[2]Green Tree makes a legal argument in its brief that there is no amount in controversy in a foreclosure action, but it cites no supporting authority. Like other courts, we have found the amount-in-controversy requirement satisfied in such an action. Land Holdings (St. Thomas) Ltd. v. Mega Holdings, Inc., 283 F.3d 616, 620 (3d Cir. 2002).

[3]It appears that the Cargilles intended to file this notice of removal in District Court, but

learned that the Cargilles did not raise a federal question as a defense to the foreclosure action.  Green Tree, however, does not cite any authority supporting the conclusion that § 1447(c)'s 30-day requirement for raising a procedural defect did not apply.

Accordingly, because the District Court was precluded by statute from remanding the foreclosure action on a non-jurisdictional ground, we will vacate the District Court's order granting the motion to remand and denying the motion to dismiss as moot.

---

it is not contained in the record.  <u>See</u> 10/13/15 Hearing Trans. at 13-14.  The Joint Notice of Removal that was filed only invokes the District Court's diversity jurisdiction.