**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4407
_____

ESTATE OF PEGGY CAMPBELL, by her Administrator
Ad Prosequendum Anthony Campbell; ANTHONY CAMPBELL

v.

SOUTH JERSEY MEDICAL CENTER; HASSAN FRINJARI, M.D.;
NEIL M. CAMPBELL, DO; OFTAB A. KAHN, MD; NAUVEED IQBAL, MD;
IMRAN UL KAQ, MD; CONDAPURAM PASUPATHY, MD;
JOHN DOES 1-100, Individually, Jointly and Severally

Hassan Frinjari,

Appellant
_____

On Appeal from the United States District Court for the
District of New Jersey
(D.C. No. 1-15-cv-07677)
District Judge:  Hon. Joseph H. Rodriguez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 14, 2017

Before:  CHAGARES, VANASKIE, and FUENTES, Circuit Judges.

(Filed: May 1, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Dr. Hassan Frinjari appeals the District Court's order remanding this case to the Superior Court of New Jersey. For the following reasons, we will affirm.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. Frinjari was employed by Community Health Care, Inc. ("CHC"), a community health center receiving grant funds under section 330 of the Public Health Service Act, 42 U.S.C. § 254b. Frinjari performed surgery on Peggy Campbell, who subsequently died.

On April 26, 2014, Ms. Campbell's estate and her widower (collectively, "plaintiffs") sued Frinjari and others in the Superior Court of New Jersey, Salem County, alleging that the defendants' medical malpractice caused Ms. Campbell's death. Frinjari claims he was never properly served, but that he nevertheless learned of the action some time in 2013.

The Superior Court dismissed all other defendants besides Frinjari. On January 24, 2014, the plaintiffs filed a Request and Certification for Entry of Default. Thereafter, on April 14, 2014, CHC notified the United States Department of Health and Human Services ("HHS") of the suit against Frinjari. On June 27, 2014, the Superior Court entered a $650,000.00 default judgment against Frinjari.

On October 14, 2014, the Secretary of HHS sent a letter to the U.S. Attorney's Office for the District of New Jersey ("USAO"). The letter stated that the Secretary had deemed CHC eligible for immunity from suit under 42 U.S.C. § 233(h) and asked that an

attorney be assigned to defend Frinjari. The letter did not mention the default judgment against Frinjari. The USAO did not assign an attorney. Frinjari also unsuccessfully petitioned the Department of Justice to represent him.

Frinjari moved to vacate the Superior Court's judgment on October 15, 2015. On October 23, 2015 — before the Superior Court could rule on his motion to vacate — Frinjari filed a notice of removal in the United States District Court for the District of New Jersey, seeking removal under 42 U.S.C. § 233(l)(2) and 28 U.S.C. § 2679(d)(3).

The plaintiffs' lawyer filed an unusual affidavit with the District Court on December 2, 2015, in which he swore to certain facts and legal arguments relating to the case. Then, on May 18, 2016, Frinjari moved for an expedited hearing pursuant to section 233(l)(2).

The District Court denied Frinjari's motion and remanded the case to the Superior Court. It described its remand as one "for lack of subject matter jurisdiction" in an opinion that analyzed only the timeliness of the removal. Frinjari timely appealed.

## II.

This case presents two threshold jurisdictional issues. The first is whether the District Court had subject matter jurisdiction over the action. The second is whether this Court has jurisdiction to entertain Frinjari's appeal.

## A.

We first consider whether the District Court had jurisdiction to consider Frinjari's motion under 42 U.S.C. § 233(l)(2). Section 233 entitles a federal public health employee to absolute immunity from suit and requires the Attorney General to defend the

3

employee and substitute the United States as the defendant upon certification by the Secretary of HHS that the individual defendant was a federal employee acting within the scope of his employment. Normally, upon notice of a state medical-malpractice claim improperly brought against an individual employee, the Attorney General will remove the case to the appropriate district court, which will substitute the United States as the named defendant and will deem the action as brought under the Federal Tort Claims Act ("FTCA"). See, e.g., Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 269 (3d Cir. 2006).

A state court defendant who has notified the Attorney General, but for whom the Attorney General has failed to appear, may remove the case to federal court for a hearing and determination "as to the appropriate forum or procedure for the assertion of the claim for damages." 42 U.S.C. § 233(l)(2). The plaintiffs argue that the District Court lacked subject matter jurisdiction over this action because there was no independent basis for subject matter jurisdiction; the parties were not diverse and the plaintiffs' complaint alleged only state law medical malpractice. We hold that district courts have jurisdiction to conduct hearings and make determinations under section 233(l)(2), even when a non-diverse federal employee defendant has been sued under state law. Absent an implied grant of subject matter jurisdiction, section 233(l)(2)'s provision permitting removal would be superfluous. The only defendants who would ever seek removal under that section would be those who could not seek removal based on diversity of citizenship or a federal question.

Moreover, denying the district courts jurisdiction to conduct hearings under section 233(l)(2) and substitute the United States when appropriate would permit a

4

plaintiff to — in some cases — avoid federal question jurisdiction through "artful pleading." See United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986). A plaintiff bringing a claim arising out of acts committed in the course of a defendant's employment as a public health employee should bring that claim through the FTCA in federal court against the United States. When a plaintiff with such a claim instead brings a purely state law claim in state court against the public health employee, section 233 provides mechanisms to remedy that error without dismissing the case. Without jurisdiction to hold hearings and make determinations under section 233(l)(2), a defendant's ability to avail himself of a federal forum would be partly dependent on how the plaintiff pled the action, rather than the substance of the plaintiff's claims.

Section 233(l)(2)'s implied grant of subject matter jurisdiction is limited. It only grants a district court jurisdiction to determine "the appropriate forum or procedure"; that is, to decide whether to remand the case or to substitute the United States as a party and deem the action as one brought under the FTCA. For section 233(l)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so. The District Court in this case properly exercised its authority under that section.

B.

We next turn to this Court's appellate jurisdiction. When a district court remands a case for lack of subject matter jurisdiction or a timely-raised procedural defect, we lack jurisdiction to hear an appeal of the remand order unless the case was removed pursuant to 28 U.S.C. §§ 1442 or 1443. 28 U.S.C. § 1447(c) & (d); see Things Remembered, Inc.

5

v. Petrarca. 516 U.S. 124, 129 (1994).[1]  We do, however, have jurisdiction to review a district court's sua sponte remand order based on procedural defects in the removal process, because such a remand is based on neither subject matter jurisdiction nor a timely-raised procedural defect.  In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000).  Our review of a district court's characterization of the basis for remand "should be limited to confirming that the characterization was colorable." Powerex Corp v. Reliant Energy Servs., Inc., 551 U.S. 224, 233–34 (2007).  A procedural "irregularity in removal of a case to federal court is to be considered jurisdictional only if the case could not initially have been filed in federal court."  Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003).

This Court has jurisdiction to review the remand order.  The plaintiffs never moved for remand, so the District Court's order could not have been based on a timely-raised procedural defect.  Although the District Court stated in the opinion accompanying its remand order that it would remand the case "for lack of subject matter jurisdiction," the substance of the opinion did not address subject matter jurisdiction.  Appendix ("App.") 4, 12–17.  Instead, the opinion primarily discussed whether removal after judgment was timely under 42 U.S.C. § 233.  See Ariel Land Owners, Inc., 351 F.3d at 614 (holding that timeliness is not a colorably jurisdictional basis for remand).  Put another way, this case could have been originally filed in federal court because Frinjari

---

[1] Frinjari's argument that he removed this case pursuant to section 1442 is meritless.  His notice of removal cited 28 U.S.C. § 2679(d)(3) and 42 U.S.C. § 233(l)(2) as the bases for removal and made no mention of section 1442.

has set forth a prima facie case that the plaintiffs' claims against Frinjari arose from conduct within the scope of his employment, and thus are "deemed" tort claims against the United States. 42 U.S.C. § 233(c). As a result, this Court has jurisdiction to hear Frinjari's appeal.

III.

Turning to the merits of this appeal, we will affirm the District Court's remand order. We exercise plenary review over a district court's remand order, to the extent its order was based on a purely legal question. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000); see also Oviedo v. Hallbauer, 655 F.3d 419, 422 (5th Cir. 2011).

Section 233 sets forth procedures under which a state court defendant who believes he is immune from suit under section 233(a) may bring the United States into the case. First, a defendant covered by section 233(a) must deliver copies of the process served upon him "to his immediate supervisor or to whomever was designated by the Secretary to receive such papers" and "to the United States attorney" for the district in which the defendant was sued. § 233(b). The defendant must do this within a time period "after [the] date of service or knowledge of service as determined by the Attorney General." Id.

"[W]ithin 15 days after being notified of such a filing," the Attorney General "shall make an appearance" to advise the court whether the Secretary has determined that the defendant is a covered employee. § 233(l)(1). If the Attorney General appears and advises the court that the Secretary has so determined, section 233(c) provides for immediate removal to federal district court "at any time before trial," at which point the

7

action is "deemed a tort action brought against the United States under the" FTCA. But if the Attorney General fails to appear in the state-court proceeding within 15 days after being notified of the filing, then "the . . . proceeding shall be removed to the appropriate United States district court" anyway, where the action is automatically stayed until the district court "conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages . . . and issues an order consistent with such determination." § 233(l)(2).

Frinjari argues the District Court committed reversible error in two ways when it remanded the case: first, it failed to conduct the "hearing" required by section 233(l)(2), and second, it failed to substitute the United States. As for the "hearing" and "determination" required under section 233(l)(2), the District Court did not err. Not all hearings require the presentation of live testimony or evidence, particularly when the relevant facts are undisputed. See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 676 (1st Cir. 1992). Here, the District Court determined that "the appropriate forum or procedure" for the case was further proceedings in the Superior Court. The only relevant fact was undisputed: that default judgment had been entered against Frinjari over a year before he filed the notice of removal. That fact was all the District Court needed to determine the "appropriate forum or procedure" for this case.

Section 233(c) does not permit removal after a state court has entered a final judgment. See Oviedo, 655 F.3d at 422–23 (collecting cases). Section 233(c) allows removal only "before trial." The District Court correctly held that the procedural status

8

of Frinjari's case, in which judgment has been entered and damages awarded over a year earlier, was akin to the status of a case after a trial on the merits. Permitting post-judgment removal to federal court would be an extraordinary and unusual mechanism, and section 233 provides no indication that such a mechanism is authorized.[2]

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] This Court is not called upon to decide whether removal would be permissible if the judgment were to be vacated in the Superior Court, but removal is not permissible when a party has merely moved to vacate a final judgment.